UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-500-MOC-WCM

| | |
|---|---|
| BRANDON HART, pro se, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| FBI, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant FBI's Motion to Dismiss the original Complaint, (Doc. No. 2), and on Defendant's Motion to Strike Amended Complaint or Dismiss Amended Complaint. (Doc. No. 7).

I. BACKGROUND

Pro se Plaintiff Brandon Hart filed this action in state court on May 14, 2024. (Doc. No. 1-1 at 3). The United States removed the action to this Court on May 23, 2024[1] (Doc. No. 1), and filed an initial Motion to Dismiss on June 4, 2024.[2] (Doc. No. 2). Plaintiff filed his Amended Complaint on July 16, 2024—forty-one days after the Court entered an Order under Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), setting Plaintiff's response deadline for June 20, 2024. (See Doc. Nos. 4, 6).

In both the original Complaint and the Amended Complaint, Plaintiff appears to allege

---

[1] A few hours after Defendant filed the Notice of Removal on May 23, 2024, Plaintiff filed an Amended Complaint in state court. (Ex. A (docket sheet in case no. 24CV021696-590, Mecklenburg County General Court of Justice, Superior Court Division)).
[2] The United States entered a special, limited appearance for the sole purpose of filing the motion to dismiss, noting that it had not been properly served under FED. R. CIV. P. 4(i), and the deadline for doing so had not yet passed.

1

that unspecified actors have threatened or attempted to cause harm to himself, his business, and one or more of his family members over a period of years stretching back to 1997, and the FBI failed to investigate these matters or otherwise assist him in some way. Plaintiff purports to bring his grievances against the FBI in general and does not bring substantive allegations of wrongdoing against any specific FBI employee.[3] Plaintiff seeks $99 million in damages.

## II. STANDARD OF REVIEW

Defendant has filed its motion to dismiss and/or strike the original Complaint and Amended Complaint on various grounds: under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(f).

**A. Fed. R. Civ. P. 12(b)(1)**

Under Rule 12(b)(1), the defendant may file a motion to dismiss based on a lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Where a defendant files such motion, the plaintiff bears the burden to prove that subject matter jurisdiction exists. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Additionally, a motion to dismiss for lack of subject matter jurisdiction may be brought on the grounds that the complaint fails to allege sufficient facts to invoke the court's jurisdiction and, when made on those grounds, all the facts asserted in the complaint are presumed to be true. Id.

A motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure may assert either that the complaint fails to state facts upon which subject-matter jurisdiction may be based,

---

[3] Defendant Robert DeWitt is named in both the original and Amended Complaint, but there are no factual allegations against him. Moreover, at one point, Plaintiff simply claims he has sent "letters" to "the Field Officer in Charge of the Albany FBI and the Charlotte FBI[.]" (Doc. No. 6 at 4). Yet the former individual is not a named defendant and the latter, to the extent it may refer to Defendant DeWitt, is not otherwise mentioned in the allegations. Elsewhere, Plaintiff apparently references a former FBI Director by name but does not otherwise discuss him. (Id. at 6).

2

or attack the existence of subject matter jurisdiction in fact, apart from the complaint. Kerns v. United States, 585 F.3d 187, 192–93 (4th Cir. 2009). Once a defendant has made such a challenge, the plaintiff bears the burden of showing that federal jurisdiction is appropriate. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009).

### B. Fed. R. Civ. P. 12(b)(6)

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the complaint fails to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In reviewing a 12(b)(6) motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all reasonable inferences in the light most favorable to the non-moving party. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). To survive a Rule 12(b)(6) motion, however, the non-movant's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 570. Put another way, the complaint must include "enough facts to state a claim to relief that is plausible on its face." Id. Thus, Plaintiffs' complaint survives Defendant's 12(b)(6) motion only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

While the Court may construe complaints by pro se plaintiffs liberally, the complaint must still allege "'facts sufficient to state all the elements of [plaintiff's] claim'" to survive a motion to dismiss. Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-BO, 2018 WL 3341181, at *2 (E.D.N.C. July 6, 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

### C. Fed. R. Civ. P. 12(b)(f)

Under FED. R. CIV. P. 12(f), "[t]he court may strike from a pleading an insufficient

3

defense or any redundant, immaterial, impertinent, or scandalous matter" either sua sponte or by motion.

III. DISCUSSION

A. Defendant's Motion to Dismiss Plaintiff's Original Complaint

First, as to Defendant's motion to dismiss Plaintiff's original complaint, the Court finds that the original Complaint is subject to dismissal for failure to exhaust administrative remedies and for failure to state a claim. The Federal Tort Claims Act ("FTCA") requires exhaustion of remedies before suing a federal agency. See 28 U.S.C. § 2675(a) (stating an FTCA lawsuit "shall not be instituted upon a claim against the United States for injury or loss . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied[.]"). Plaintiff alleges he "filed an administrative claim 14 months ago and the FBI has not responded to me[.]" (Doc. No. 1-1 at 6). The FBI asserts, however, that after a diligent search, it has been unable to locate any such administrative claim. (Ex. B. (Decl. of Supervisory Special Agent Kathryn L. Swinkey ("FBI Decl."))). The FBI states that it received Plaintiff's sole administrative claim on or about May 20, 2024, after this action was filed.[4] Messino v. McBride, 174 F. Supp. 2d 397, 399 (D. Md. 2001) (explaining "a plaintiff must have exhausted administrative remedies prior to filing suit, or the case is subject to dismissal") (emphasis added). Moreover, Plaintiff did not specify in the May 2024 administrative claim the year in which the conduct underlying the complaint occurred, instead listing "December 14,202 [sic]" for the date and referencing "the past 12 years" of communications sent to the FBI.[5] (Ex. C

---

[4] See Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (explaining the Court is not required "to accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" at the motion to dismiss stage).
[5] Even if he had exhausted his administrative remedies, an FTCA claim based on FBI personnel hanging up on Defendant or otherwise declining to investigate his statements could survive

at 1, 4 (Plaintiff's admin. claim)).

In any event, the Complaint does not state a cognizable clam for relief. There are no claims identified or alluded to, no elements alleged, no references to legal authorities, no allegations against any specifically identified individuals, no specific dates identified for the conduct at issue beyond a few ambiguous references to events from a decade ago (or longer), no plausible allegations explaining why Plaintiff is entitled to $99 million in damages, and no allegations concerning jurisdiction or venue.[6] Instead, Plaintiff airs vague, illusory, and conclusory grievances about the FBI's lack of assistance or investigation into his insistence (for at least twelve years) of unspecified bad actors threatening or attempting to cause ambiguous and implausibly alleged harms. For example, Plaintiff alleges that an unspecified actor instituted some sort of "business blockade" against Plaintiff "to control me, manipulate me, isolate me, limit my resources . . . . The main reason what was wanted of me was to submit to an application into the NBA as a referee and work for organized crime as a basketball referee as I was already a college basketball referee."[7] (Doc. 1-1 at 6). These allegations do not come close to surviving the pleading standards delineated in Twombly and Iqbal.[8] See, e.g., Harley v. United States, 349 F.

---

dismissal. See, e.g., Randles v. United States, No. CV 23-00200-KD-MU, 2024 WL 346518, at *3 (S.D. Ala. Jan. 30, 2024) (dismissing various FTCA-adjacent claims premised on Plaintiff's allegations that FBI personnel "hung up" on him by phone and otherwise failed to investigate his claims).

[6] Plaintiff listed an address for himself in a different district than the Western District of North Carolina. (See Doc. No. 1-1 at 1, 3).

[7] Additionally, Plaintiff has attached to his response to Defendant's motion to dismiss the original Complaint numerous long and rambling letters that he sent to the FBI. (See Doc. No. 5-1). The content of these letters suggests that Plaintiff may be suffering mentally from delusions of grandeur, fantastical thinking, and paranoia.

[8] There are additional reasons for dismissal. First, "[u]nder the principle of sovereign immunity, a plaintiff may not sue the United States or its agencies without their consent." Brown, 2016 WL 1104728, at *4. Thus, many claims that Plaintiff may seek to bring would be barred by sovereign immunity. Similarly, even where the United States has specifically waived sovereign immunity, Plaintiff's allegations would fail to sustain such claims. Likewise, if this action is construed as a

5

Supp. 2d 980, 982 (M.D.N.C. 2004) (dismissing case where "Plaintiff names only the United States as a defendant but makes no claim against the United States which could result in any relief" and "fails to allege any acts which occurred in this district"); Brown v. United States, No. 2:15-CV-4065-PMD-MGB, 2016 WL 1104728, at *5 (D.S.C. Feb. 29, 2016), report and recommendation adopted, No. 2:15-CV-4065-PMD-MGB, 2016 WL 1089385 (D.S.C. Mar. 21, 2016) (dismissing case even where "Plaintiff makes scattered references to assorted statutes and constitutional rights, [because] his allegations are conclusory and unsupported by any coherent factual allegations. The Fourth Circuit . . . has repeatedly emphasized that a district court should not sua sponte develop claims not clearly raised in a complaint."); Brunson v. U.S. Dep't of Just. of F.B.I., No. 3:11-cv-2659-JFA, 2011 WL 6122747, at *1 (D.S.C. Dec. 9, 2011) (dismissing case and noting that "Plaintiff's Complaint is disjointed, vague, and appears on its face to be comprised of delusional allegations").

In sum, for the reasons stated herein, the Court will grant Defendant's motion to dismiss Plaintiff's original Complaint.

### B. Defendant's Motion to Strike or Dismiss Plaintiff's Amended Complaint

Next, as for Defendant's motion to strike Plaintiff's Amended Complaint, Rule 15(a)(1)(B) allows a plaintiff to amend once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Otherwise, Rule 15(a)(2) allows an amendment "only with the opposing

---

Bivens action, a Bivens action may not be brought against agencies of the United States such as the FBI. FDIC v. Meyer, 510 U.S. 471, 486 (1994) (declining to extend Bivens remedy to federal agencies). Although a Bivens action can be brought against an individual acting under federal authority for deliberate violation of constitutional rights, the Complaint contains no factual allegations against the individuals named as defendants. See White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion").

party's written consent or the court's leave. The court should freely give leave when justice so requires."[9] However, "[a]lthough such motions should be granted liberally, a district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) (citation and internal quotation marks omitted). "A proposed amendment is futile when it is clearly insufficient or frivolous on its face" or "if the claim it presents would not survive a motion to dismiss." Save Our Sound OBX, Inc. v. N.C. Dep't of Transp., 914 F.3d 213, 228 (4th Cir. 2019) (citations and internal quotation marks omitted).

Here, the Amended Complaint is untimely under Rule 15(a)(1). Plaintiff's Amended Complaint was not filed until forty-one days after this Court's Roseboro Order. (See Doc. No. 4). Even allowing a reasonable number of days for Plaintiff, who is pro se, to be served with the initial Motion to Dismiss and file the Amended Complaint by mail, the amendment (twenty days late) is clearly untimely.

Further, allowing Plaintiff to amend under Rule 15(a)(2) would be futile. As Defendant notes, the Amended Complaint suffers from the same fatal deficiencies (both procedural and substantive) as the initial Complaint. (See Doc. No. 3 at 3–7). Instead of attempting to remedy these issues, Plaintiff has simply added more vague and illusory allegations. The Court will therefore strike the Amended Complaint.

IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss the original Complaint, and Defendant's Motion to Strike the Amended Complaint are **GRANTED**.

---

[9] No opposing party consented to any amendment.

**ORDER**

**IT IS THEREFORE ORDERED** that Defendant FBI's Motion to Dismiss the original Complaint, (Doc. No. 2), and Defendant's Motion to Strike Amended Complaint or Dismiss Amended Complaint, (Doc. No. 7), are both **GRANTED**. This action is dismissed without prejudice.[10]

Signed: August 30, 2024

*Max O. Cogburn Jr.*
United States District Judge

---

[10] The dismissal is without prejudice, granting Plaintiff the opportunity to exhaust his administrative remedies and to refile an action that states a cognizable claim, as the Original and Amended Complaints do not do so in their current forms.